IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sportsman's Warehouse, Inc., <u>et al.</u>,[1] | ) | Case No. 09-10990 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **[Re Docket No. 15]** |

**JOINDER OF GB MERCHANT PARTNERS, LLC, AS ADMINISTRATIVE
AGENT, IN SUPPORT OF REPLY OF GENERAL ELECTRIC CAPITAL
CORPORATION, AS AGENT, IN SUPPORT OF THE MOTION OF THE
DEBTORS FOR APPROVAL OF THE FINAL FINANCING ORDER (I)
AUTHORIZING THE DEBTORS TO INCUR POST-PETITION
INDEBTEDNESS WITH ADMINISTRATIVE SUPERPRIORITY AND
SECURED BY SENIOR LIENS ON SUBSTANTIALLY ALL ASSETS
PURSUANT TO SECTION 364(c) AND (d) OF THE BANKRUPTCY CODE,
(II) GRANTING USE OF CASH COLLATERAL, (III) GRANTING ADEQUATE
PROTECTION, AND (IV) GRANTING OTHER RELATED RELIEF**

GB Merchant Partners, LLC ("<u>GB Merchant</u>"), as administrative agent for

the lenders under the Term Loan Agreement (as defined below) with the above-captioned

Debtors, by and through its undersigned counsel, hereby joins (the "<u>Joinder</u>") in the reply

of General Electric Capital Corporation, as agent (the "<u>DIP Agent</u>"), in support of the

Debtors' motion (the "<u>Motion</u>") for entry of an interim and final order (i) authorizing the

Debtors to incur post-petition indebtedness with administrative superpriority and secured

by senior liens on substantially all assets pursuant to, <u>inter alia</u>, Section 364(c) and (d) of

the Bankruptcy Code, (ii) granting use of cash collateral pursuant to Sections 361 and

363(b) of the Bankruptcy Code, (iii) granting adequate protection pursuant to Sections

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sportsman's Warehouse, Inc. (2614), Pacific Flyway Wholesale, Inc. (5734), Minnesota Merchandising Corp. (2908), Sportsman's Aviation, LLC (4736), Sportsman's Warehouse Holdings, Inc. (5614), and Sportsman's Warehouse Southwest, Inc. (8590).

364(d), 363(c)(2) and 361 of the Bankruptcy Code, and (iv) granting other related relief. In support of this Joinder and the Motion, GB Merchant respectfully states as follows:

1.      On January 11, 2008, the Debtors entered into that certain Term Loan Financing Agreement (the "Term Loan Agreement") pursuant to which various lenders (the "Term Loan Lenders"), with GB Merchant as administrative agent, provided a term loan in the principal amount of $20 million. The obligations under the Term Loan Agreement are secured by a second priority lien on and security interest in substantially all of the Debtors' assets.

2.      In consideration of GB Merchant and the Term Loan Lenders consenting to the Interim Order (as defined below) and the consummation of the debtor-in-possession financing contemplated in the Interim Order (the "DIP Financing"), the Debtors agreed to pay a consent fee to GB Merchant (the "Consent Fee").

3.      On March 24, 2009, this Court entered an order granting the Motion on an interim basis (the "Interim Order"). On April 10, 2009, the Official Committee of Unsecured Creditors filed an objection to the Motion (the "Committee Objection"). On April 13, 2009, the DIP Agent filed a reply in support of the Motion (the "DIP Agent Reply").[2]

4.      GB Merchant hereby joins in the DIP Agent Reply, and incorporates the arguments and authority set forth therein as if fully set forth herein. Moreover, GB Merchant respectfully submits that the Consent Fee is both reasonable and necessary to adequately protect the Term Loan Lenders' interest in their pre-petition collateral for the following reasons and as demonstrated at the hearing to consider entry

---

[2]      Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the DIP Agent Reply.

of the Interim Order.  First, the Term Loan Lenders have agreed to the priming of their liens by the liens proposed to be granted to the DIP Agent under the DIP Facility. Second, prior to the date on which the Debtors commenced these Chapter 11 cases, the Term Loan Lenders agreed to reduce certain availability reserves in respect of the DIP Financing, thereby permitting a greater loan to value ratio relative to the collateral securing the obligations under the Term Loan Agreement.  Third, the Term Loan Lenders have agreed to subordinate their lien on certain of the Debtors' non-residential real property leases (which were previously unencumbered assets) to the lien proposed to be granted on such assets to the DIP Agent under the DIP Facility.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WCSR 4109045v1

WHEREFORE, GB Merchant respectfully requests that the Committee Objection be overruled, that the Motion be granted in all respects, and such other and further relief as is just and proper.

Dated: April 14, 2009
      Wilmington, Delaware

PROSKAUER ROSE LLP
Peter Antoszyk
Gary J. Creem
Sabrina Rusnak-Carlson
One International Place
Boston, MA 02110-2600
Telephone: 617-526-9600

and

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

    */s/ Steven K. Kortanek*
Steven K. Kortanek (DE Bar No. 3106)
222 Delaware Avenue
Wilmington, DE 19801
Telephone: 302-252-4363
Facsimile: 302-661-7728
E-mail: skortanek@wcsr.com

Counsel for GB Merchant Partners, LLC, as Administrative Agent

WCSR 4109045v1