IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                                    :     Chapter 11
                                                          :
SPORTSMAN'S WAREHOUSE, INC., et al.,[1]                   :     Case No. 09-10990 (CSS)
                                                          :
        Debtors.                                          :     Jointly Administered
                                                          :
---------------------------------------------------------x     Related Docket Nos: 191, 233, and 281

**ORDER RESOLVING DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 365 AND BANKRUPTCY RULE 6006 AUTHORIZING THE DEBTORS TO REJECT (I) LICENSE AGREEMENT WITH UFA HOLDINGS, INC. AND (II) SERVICES AGREEMENT WITH UFA HOLDINGS, INC.**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 105 and 365, and Bankruptcy Rule 6006, authorizing the Debtors to reject (i) the License Agreement dated November 17, 2008, by and among UFA Holdings, Inc. ("UFA") and Debtor Sportsman's Warehouse, Inc. ("SWI") (the "License Agreement"), and (ii) the Services Agreement dated March 10, 2009, by and among UFA and SWI (the "Services Agreement"); and upon consideration of UFA's objection (the "Objection") to the Motion [D.I. 233] and the order (the "Interim Order") approving an interim resolution of the Motion as agreed to by both SWI and UFA [D.I. 281]; and due and sufficient notice of the Motion, the Objection,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sportsman's Warehouse, Inc. (2614), Pacific Flyway Wholesale, Inc. (5734), Minnesota Merchandising Corp. (2908), Sportsman's Aviation, LLC (4736), Sportsman's Warehouse Southwest, Inc. (8590), and Sportsman's Warehouse Holdings, Inc. (5614).

[2] Capitalized terms not defined herein shall have the meaning given in the Motion.

the Interim Order and this Order having been given under the particular circumstances; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. The Motion is GRANTED as set forth herein.

2. In accordance with Bankruptcy Code section 365, the Debtors are hereby authorized to reject the License Agreement and the Services Agreement effective as of June 1, 2009 (the "Rejection Date"), except that

(a) Until such time as UFA can procure and transition to its own telephone service for the fifteen (15) UFA Stores, the Debtors shall continue the existing QWEST and Verizon telephone line service (1FB and PRI) to the demarcation point (DEMARC) within each store. UFA shall either pay QWEST or Verizon directly for the telephone services provided to UFA Stores after March 10, 2009 as invoiced by QWEST or Verizon with respect to such period or, if any such amounts are paid by the Debtors, shall reimburse the Debtors for such payment within ten (10) business days after submission to UFA of a written invoice for such amounts accompanied by evidence of payment. In the event that UFA disputes any such invoice, UFA shall deliver written notice of the dispute to SWI within such ten (10) day period. SWI shall respond to UFA in writing within five (5) business days after receipt of such written notice of dispute. UFA and SWI shall act reasonably and in good faith to resolve any dispute within ten (10) business days after UFA's receipt of SWI's written response, and claims resolved shall be paid within five (5) business days from the date of resolution.

(b) Through the date of entry of this Order, UFA is granted the right to continue limited use of the Marks in connection with the exterior signage on the UFA Stores pending the removal of such exterior signage.

3. UFA and the Debtors hereby acknowledge, represent and warrant that as of June 1, 2009, neither party maintains access to, or has the ability to access, the information technology system of the other, including, without limitation, access to, rights to, and passwords for, inventory data and systems, software or sales information.

4. All parties reserve their rights with respect to Invoice No. 04-2009 dated April 22, 2009 or any other invoice that may be issued by SWI under the Services Agreement for services provided through the Rejection Date.

5. On or before June 8, 2009 (the "Bar Date"), UFA shall file a proof of claim for rejection damages arising from or relating to the rejection of the License Agreement and the Services Agreement.

Dated: Wilmington, Delaware
7/30, 2009

Honorable Christopher S. Sontchi
UNITED STATES BANKRUPTCY JUDGE